DAYLE ELIESON
United States Attorney
JARED L. GRIMMER
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336
Jared.L.Grimmer@usdoj.gov

*Counsel for United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:18-cr-00267-RFB-VCF |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| vs. | |
| JAMES ROBERT KENNEDY, | |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED between the parties, Dayle Eileson, United States Attorney for the District of Nevada, Jared L. Grimmer, Assistant United States Attorney, counsel for the United States, and Brian Pugh, Assistant Federal Public Defender, counsel for defendant JAMES ROBERT KENNEDY, that this Court issue an Order protecting from disclosure to the public any discovery documents containing the personal identifying information or other sensitive financial data, including but not limited to, Social Security Numbers, driver's license numbers, dates of birth, addresses, and financial account numbers of participants, witnesses, and victims in this case. Such documents shall be referred to hereinafter as "Protected Documents."

1

In support of this stipulation, the parties state as follows:

1. Protected Documents which will be used by the government in its case in chief include personal identifiers, such as social security numbers, driver's license numbers, dates of birth, addresses, and financial account numbers of participants, witnesses, and victims in this case.

2. Discovery in this case is voluminous. Many of the documents include personal identifiers. Redacting the personal identifiers of participants, witnesses, and victims would prevent the timely disclosure of discovery to defendants. Additionally, the personal identifiers are intertwined in the entire body of discovery in a way that is not feasibly and reliably separable.

In light of these circumstances, the parties would stipulate to the following regarding the use or dissemination of the Protected Documents:

1. The United States agrees to provide Protected Documents without redacting the personal identifiers of participants, witnesses, and victims.

2. Access to Protected Documents will be restricted to persons authorized by the Court, namely defendant, attorney(s) of record and attorneys' paralegals, investigators, experts, and secretaries employed by the attorney(s) of record and performing on behalf of defendant.

3. The following restrictions will be placed on access to the Protected Documents by any person granted access under this stipulation, unless and until further ordered by the Court:

  a. These persons shall not make copies of the Protected Documents for, or knowingly allow copies of any kind of the Protected Documents be made for, any person that is not an authorized person;

  b. These persons shall take reasonable steps to protect against allowing copies of any kind of the Protected Documents to be made for any person that is not an authorized person under this stipulation;

  c. These persons shall not knowingly allow any other person to read Protected Documents and take reasonable steps to prevent any person that is not an authorized person from reading the Protected Documents; and,

  c. These persons shall not use the Protected Documents for any other purpose other than preparing to defend against the charges in the above–captioned case, at trial or in any related judicial proceeding.

4. The defense shall inform any person to whom disclosure may be made of the Protected Documents, or to whom the they know the defendant has disclosed the Protected Documents, of the existence and terms of this Court's order. Further, the defense and the coordinator shall take reasonable measure to inform any person to whom disclosure may be made pursuant to this Court's order of the existence and terms of this order.

5. The restrictions shall not restrict the use of the Protected Documents during the trial or during other judicial proceedings in this matter.

6. By the date of sentencing in this matter, or seven days after acquittal, whatever the case may be, the sentenced or acquitted defendant shall return to defense counsel any part of the Protected Documents in this case that was furnished to him by

his defense attorney. To the extent any Protected Documents were provided to the defendant pursuant to a subsequent order of the Court, the defendant shall also return any part of the Protected Documents that was furnished to him.

7. At the conclusion of this action, defense counsel shall return to government counsel or destroy all copies of the Protected Documents in defense counsel's possession, including any such copies previously in the possession of all authorized persons and returned to defense counsel. This action will be deemed concluded after the completion of the final appeal in this matter, or if no appeal was filed, then at the expiration of the statute of limitations for the filing of any final appeal of any matter, including collateral review.

DATED this 12th day of September 2018.

Respectfully Submitted,

| For the Defendant: | For the United States: |
|---|---|
| JAMES ROBERT KENNEDY: | |
| | DAYLE ELIESON |
| | United States Attorney |
| */s/* | */s/* |
| BRIAN PUGH | JARED L. GRIMMER |
| Assistant Federal Public Defender | Assistant United States Attorney |
| Attorney for Robert James Kennedy | |

**IT IS SO ORDERED**

9-14-2018
Date

UNITED STATES MAGISTRATE JUDGE

4